UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JESSIE CLIFTON SMITH                                                                              PLAINTIFF

VERSUS                                                            CIVIL ACTION NO. 2:03CV113-KS-RHW

RONALD KINGS, et al                                                                            DEFENDANTS

## ORDER FOR ISSUANCE OF PROCESS

This matter came before the Court for a screening hearing pursuant to 28 U.S.C. § 1915A. Plaintiff, proceeding in forma pauperis, has filed a complaint pursuant to 28 U.S.C. § 1983 in which he alleges certain constitutional deprivations that relate to his incarceration. After examining the pleadings, exhibits on file, and the statements of Plaintiff made at the screening hearing, the Court concludes that Plaintiff asserts the following claims: (1) unconstitutional prison conditions under the Eighth Amendment caused by exposure to second-hand tobacco smoke; (2) denial of medical care for failing to examine or treat Plaintiff for diseases caused by second-hand tobacco smoke; and (3) failure to protect Plaintiff from an assault by other inmates. Plaintiff has named as defendants, Ronald King, several manufacturers of tobacco products, the Mississippi Attorney-General, Commissioner Christopher Epps, David Turner, and the director of the jail canteen.

The tobacco manufacturers should be dismissed from the lawsuit as they are not state actors and are not alleged to be acting under color of state law. Accordingly, Plaintiff has not stated a cause of action against them that would arise under § 1983. The remaining Defendants should remain in the lawsuit for the time being. At the very least, Plaintiff has stated a claim under the Eighth Amendment for unreasonable exposure to second-hand smoke. *See Richardson v. Spurlock*, 260 F.3d 495, 498-99 (5th Cir. 2001); *Whitley v. Hunt*, 158 F.3d 882, 888 (5th Cir.

1998).

Plaintiff has not stated a claim for inadequate medical care based on any of his speculative injuries from second-hand smoke. Plaintiff expresses concern that he might be suffering from diseases normally associated with smoking, such as lung cancer or heart disease; however, he admitted at the hearing that he has not been diagnosed with any such conditions. Nor does he express any belief that he in fact suffers from any of these conditions. Nevertheless, Plaintiff has stated a claim for inadequate medical care for a persistent rash that he alleges is a result of exposure to cigarette smoke. Plaintiff asserts that he visited "nurse Williams" because of the rash and other suspected ailments related to second-hand cigarette smoke but that the she refused to provide him with any treatment. Accordingly, Plaintiff has stated a potential claim for inadequate medical care.

Plaintiff also has stated a claim based on the Defendants failure to protect him from an assault at the hands of other inmates. Plaintiff alleges that several inmates assaulted him on one occasion because of his opposition to cigarette smoking in the prison unit. To establish an Eighth Amendment failure-to-protect claim, Plaintiff must demonstrate that prison officials knew of and disregarded an excessive risk. *See Johnson v. Johnson*, 385 F.3d 503, 524 (5th Cir. 2004). In his Motion for Temporary Restraining Order filed on May 18, 2004, and at the omnibus hearing, Plaintiff intimated that prison officials instructed inmates to assault him because of his opposition to cigarette smoking. These allegations, if true, are sufficient to state an Eighth Amendment claim.

Accordingly, the following claims remain in this lawsuit:

(1) whether Defendants violated Plaintiff's Eighth Amendment right to be free from

unreasonable levels of environmental tobacco smoke;

(2) whether Defendants denied Plaintiff constitutionally adequate medical care when they failed to treat conditions that he alleges were caused by exposure to second-hand smoke; and

(3) whether Defendants violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment when they directed inmates to assault Plaintiff

IT IS THEREFORE ORDERED that Campton Cigarettes, 61 Tobacco, Middleton, and any other manufacturers of tobacco products who have been named in this lawsuit be dismissed with prejudice for Plaintiff's failure to state a claim against them under § 1983.

IT IS FURTHER ORDERED that the United States District Clerk is directed to issue summonses to the defendants Ronald King, Christopher Epps, the Mississippi Attorney-General, David Turner, and "nurse Williams" requiring a response to the complaint.  The Clerk is directed to attach a copy of this order to each complaint that will be served on the named defendants.  The United States Marshal shall serve Christopher Epps at 723 North President Street, Jackson, Mississippi, 39202; Ronald King, David Turner, and nurse Williams at South Mississippi Correctional Institute, 22689 Highway 463 North, Leakesville, Mississippi, 39451; and the Attorney-General of Mississippi at 450 High Street, Jackson Mississippi 39201 pursuant to 28 U.S.C. § 1915(d).

IT IS FURTHER ORDERED that the defendants file their answers or other responsive pleadings in this cause in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

IT IS FURTHER ORDERED that, as provided for in the Federal Rules of Civil Procedure, discovery is stayed until further order of this Court.

**The plaintiff should understand that this order allowing process to issue against the above named defendants does not reflect any opinion of this Court that the claims contained in the complaint will or will not be determined to be meritorious.**

It is the plaintiff's responsibility to prosecute this case. Failure to advise this Court of a change of address or failure to comply with any order of this Court will be deemed a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case.

SO ORDERED, this the 18th day of November, 2005.

                                          s/ *Robert H. Walker*
                                          UNITED STATES MAGISTRATE JUDGE